**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Robert A. FERRANTE, Defendant–**
**Appellant.**

**No. 05–50364.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 3, 2006.

Decided May 26, 2006.

Jean A. Kawahara, Esq., USSA—Office of the U.S. Attorney, Santa Ana, CA, for Plaintiff–Appellee.

Robert A. Ferrante, Newport Beach, CA, Thomas H. Bienert, Jr., Esq., Bienert & Krongold, San Clemente, CA, for Defendant–Appellant.

Before: D.W. NELSON, O'SCANNLAIN, Circuit Judges, and JONES, District Judge.*

### MEMORANDUM **

Robert A. Ferrante pleaded guilty to a two-count criminal information charging him with receiving an illegal kickback in violation of 18 U.S.C. § 1954 ("Kickback Count") and filing a false income tax return in violation of 26 U.S.C. § 7206(1) ("Tax Count"). We have jurisdiction under 28 U.S.C. § 1291. We affirm the district court's denial of Ferrante's motion to withdraw his guilty plea. We also affirm the district court's imposition of a four-month custodial sentence and a restitution order in the amount of $243,944.93.

Ferrante's guilty plea to the Kickback Count was knowing, voluntary, and intelligent. See, e.g., United States v. Kaczynski, 239 F.3d 1108, 1114 (9th Cir.2001). The plea agreement and the plea colloquy demonstrate that Ferrante understood the government would have to prove that (1) he was an actor as defined by the statute, (2) he received one of the remunerations listed in the statute, and (3) he received the remuneration "because of" his duties in conjunction with a pension plan. See 18 U.S.C. § 1954. The plea agreement and the plea colloquy also demonstrate that Ferrante understood how the elements of 18 U.S.C. § 1954 properly applied to the facts of his case. See United States v. Soares, 998 F.2d 671, 672–73 (9th Cir.1993) (holding that the "because of" requirement of 18 U.S.C. § 1954 is satisfied when a defendant is in a position to potentially exercise influence over a pension plan, even when such control is never actually exercised); United States v. Schwimmer, 924 F.2d 443, 447 (2d Cir.1991) (holding that 18 U.S.C. § 1954 applies to a defendant who "regularly gave financial advice to the employee benefit plans and invested their funds, indicating that he exercised, at a minimum, indirect control over the plans' investments").

Because Ferrante's guilty plea to the Kickback Count was knowing, voluntary, and intelligent, he did not rely on a mistaken belief that he was guilty of the Kickback Count when he pleaded guilty to the Tax Count, and thus Ferrante's guilty plea to the Tax Count was valid.

The district court's plea colloquy did not violate Rule 11 of the Federal Rules of Criminal Procedure because the district court adequately advised Ferrante of the

---

* The Honorable Robert C. Jones, District Judge for the District of Nevada, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

nature and elements of the charges against him as well as the factual basis for those charges. *See* Fed.R.Crim.P. 11(b)(1)(G); *United States v. Minore*, 292 F.3d 1109, 1115 (9th Cir.2002) (holding that, in order to comply with Rule 11, "the district court must advise the defendant of the elements of the crime and ensure that the defendant understands them") (citations omitted).

■ Ferrante waived his right to appeal the district court's imposition of a custodial sentence and restitution order. In his plea agreement, Ferrante specifically "[gave] up the right to appeal any sentence imposed by the Court, including any order of restitution, and the manner in which the sentence is determined." (Plea Agreement ¶ 21.) The district court adequately reviewed this waiver with Ferrante during the plea colloquy, and Ferrante confirmed that he knowingly and voluntarily waived his statutory right to appeal the sentence. *See United States v. Jeronimo*, 398 F.3d 1149, 1153 (9th Cir.2005) ("A defendant's waiver of his appellate rights is enforceable if (1) the language of the waiver encompasses his right to appeal on the grounds raised, and (2) the waiver is knowingly and voluntarily made.") (citations omitted).

**AFFIRMED.**